UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONTAE CHARLES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:17 CV 2494 CDP |
| STAN PAYNE,[1] | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

*Pro se* petitioner Dontae Charles filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief on eight grounds. Before respondent answered the amended petition, Charles filed a motion to stay. According to Charles, his amended petition contains both exhausted and unexhausted grounds for relief so he requests a stay of this matter while he returns to state court for consideration of his previously unexhausted claims. The § 2254 petition is not yet fully briefed but it cannot be reached without first addressing the motion for stay. Because Charles has no available state remedy to exhaust his unexhausted claims and he has stated no good cause for his failure to exhaust the claims in the first place, I will not order a stay in this case.

---

[1] The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Petitioner is incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. According to respondent, Cindy Griffith was the former Warden but the current Acting Warden of the Potosi Correctional Center is Stan Payne and therefore he is the proper respondent. ECF No. 16 at 1.

## Background

Following a jury trial, petitioner Dontae Charles was found guilty on two counts of assault in the first degree and two counts of armed criminal action on August 29, 2013. Charles was sentenced by the Circuit Court of the City of St. Louis on October 31, 2013, to concurrent terms of life imprisonment for the assaults, to be served consecutively with concurrent terms of ten years imprisonment for the armed criminal action counts.

Charles appealed his conviction and sentence before the Missouri Court of Appeals, arguing the trial court plainly erred in admitting evidence of prior bad acts. The Court of Appeals affirmed the conviction on December 9, 2014, and issued its mandate on January 2, 2015. Charles also filed a post-conviction relief motion under Missouri Supreme Court Rule 29.15, alleging claims of ineffective assistance of trial counsel including two claims of failure to ask for the submission of jury instructions on lesser-included offenses and one claim of failure to object to a statement made by the prosecuting attorney during his closing argument. The Circuit Court denied the post-conviction motion on March 7, 2016, after holding an evidentiary hearing. Charles appealed the post-conviction denial, arguing just one point on appeal: that his trial counsel was ineffective for failing to request the submission of a lesser-included offense instruction on one of the first-degree

assault charges. The Missouri Court of Appeals affirmed the denial of the Rule 29.15 motion on June 13, 2017, and the mandate issued on July 7, 2017.

Charles filed his *pro se* petition for writ of habeas corpus in this court on September 28, 2017, and his motion to stay on December 18, 2017. He argues eight grounds for habeas relief: (1) the trial court plainly erred in failing to *sua sponte* declare a mistrial after the State introduced uncharged bad acts evidence; (2) trial counsel was ineffective for failing to request the submission of an instruction on count 3 on the class B felony offense of assault in the first degree; (3) trial counsel was ineffective for failing to request the submission of an instruction on count 3 on the class C felony offense of assault in the second degree; (4) trial counsel was ineffective for failing to object to the prosecutor's rebuttal closing argument in which he shifted the burden of proof; (5) trial counsel was ineffective for failing to request the submission of an instruction on count 1 on the class B felony of assault in the first degree; (6) trial counsel was ineffective for failing to request the submission of an instruction on count 1 on the class C felony of assault in the second degree; (7) appellate counsel was ineffective for failing to raise a claim challenging the sufficiency of the evidence as to all counts; and (8) trial counsel was ineffective for failing to call the examining physician to testify at trial. ECF No. 6 at 5-17.

**Discussion**

Before considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). The court may require that every ground advanced by the petitioner survive an exhaustion analysis – in that the petitioner has exhausted the remedies available in the courts of the state. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

In this case, Charles admits that his "mixed petition" contains both exhausted and unexhausted grounds for relief but he argues that his grounds for relief are "meritorious and he is not seeking to delay the resolution of his case." ECF No. 13 ¶¶ 3, 7. If the court grants a stay, Charles says he will file a Missouri Supreme Court Rule 91 habeas petition in state court "to exhaust his unexhausted grounds for relief." *Id.* ¶ 9.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless" and

whether the petitioner has engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78.

The issue before me now is whether I should exercise the discretion given me by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), to stay this case. However, even before I reach the *Rhines* factors, I must determine whether three prerequisites exist. *Roberts v. Norris*, 526 F.Supp.2d 926, 946 (E.D. Ark. 2007). These prerequisites are: (1) the federal habeas petition was timely when filed, (2) the federal habeas petition presents at least one federal claim that has been exhausted, and (3) there is a plausible argument that the petitioner has an available state remedy. *Id.* If there is no plausible state remedy, a stay would be a "waste of time" and would be "obviously contrary to the primary goal of the Antiterrorism and Effective Death Penalty Act of 1996." *Id.*

Here, respondent does not contest the timeliness of the amended petition and agrees that one of Charles's eight claims has been exhausted in state court. ECF No. 16. Therefore, the third prerequisite is the only one at issue in this case; however, I find that petitioner Charles has no available state remedy here.

Under Missouri Supreme Rules, Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions, including claims of ineffective assistance of counsel. Mo. Sup. Ct. R. 29.15(a). Any Rule 29.15

motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal. *Id.* at (b). Charles has already filed a Rule 29.15 motion which was denied by the Missouri Circuit Court and that denial was affirmed on appeal. Petitioner Charles does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts.

State habeas corpus proceedings, governed by Mo. Sup. Ct. R. 91, are not part of the established review process. *See Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010) (holding that Rule 91 proceedings were "other collateral review with respect to the pertinent judgment or claim" under 28 U.S.C. sec 2244(d)(2)). In other words, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993) (abrogated on other grounds). "Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." *Id.* None of the eight grounds for relief raised in Charles' amended petition are jurisdictional, or rare and exceptional. As such, the court finds that there is no plausible argument that Charles has an available state remedy here. Issuing a stay would be wasteful and contrary to the AEDPA's purpose.

In addition, Charles has not provided any argument as to why the state courts would take up his unexhausted claims at this time, nor has he indicated any good cause as to why his unexhausted claims were not raised in his prior state filings. Charles blames his post-conviction relief counsel's "negligence and inadequate assistance" for the failure to raise and exhaust his claims in state court. ECF No. 6 at 8, 10, 16-18. However, Missouri courts have uniformly held that claims of post-conviction counsel's ineffective assistance are "categorically unreviewable." *Simmons v. State*, 240 S.W.3d 166, 172 (Mo. Ct. App. 2007).

This petition is not subject to stay and abeyance under *Rhines*. I cannot order a stay pending the filing of a state court proceeding absent truly exceptional circumstances, which do not exist here. *See Rhines*, 544 U.S. at 276-77. Once Charles' amended petition is fully briefed and before the court, any claims found unexhausted will be denied and the Court will consider his exhausted claims. *Id.* at 278. Accordingly,

**IT IS HEREBY ORDERED** that Dontae Charles's Motion to Stay [ECF No. 13] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2018.