UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONTAE CHARLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2494 CDP |
| | ) |
| DAVID VANDERGRIFF[1], | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Petitioner Dontae Charles seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Charles is currently an inmate at the Potosi Correctional Center in Mineral Point, Missouri. A jury convicted Charles of two counts of assault in the first degree (Class A felonies) and two counts of armed criminal action.  The Circuit Court of the City of St. Louis sentenced him to concurrent terms of life imprisonment for the two assault counts and ten years' imprisonment for the two armed criminal action counts, to be served concurrently to one another and consecutively to the life sentences.  The conviction and sentence were affirmed on appeal.  *Missouri v. Charles,* 456 S.W. 3d 859 (Mo. Ct. App. 2014).  Charles filed a post-conviction motion under Missouri Supreme Court Rule 29.14, which was

---

[1] Because David Vandergriff is now the warden of Potosi Correctional Center he is petitioner's custodian and is substituted for Cindy Griffith as the proper party respondent.  See Rule 2(a), Rules Governing Section 2254 cases in the United States District Courts.

1

denied by the Circuit Court after an evidentiary hearing. Resp. Exh. G at p. 49-59. That denial was also affirmed on appeal. Resp. Exh. J.

I will deny the petition for writ of habeas corpus. Seven of Charles's grounds for relief are procedurally barred, and the remaining claim fails on the merits.

### *Factual Background*

On direct appeal the Missouri Court of Appeals set out the facts as follows:

> Tina Cowen (Tina) was in a relationship with Charles. Donita Cowen (Donita) testified over a hearsay objection that sometime during the week of October 20-27, 2011, Charles had pushed Tina and broken her cellular telephone; as a result, Tina wanted Charles to return the key he had to her home. . . . On October 27, 2011, Donita was at Tina's home at 4548 Margaretta with her cousin Cierra Crudup (Crudup) and her nephew Gerard Rowe, when she saw Charles next door. She approached Charles to ask for Tina's key back and to confront him about assaulting Tina. Charles told her that she "talked too much and he [had] something for [her]." Crudup testified that she witnessed the conversation between Donita and Charles, and that Charles "didn't like what Donita was saying to him." Approximately five to ten minutes later, he approached 4548 Margaretta, drew a gun, and started shooting. Donita and Crudup ran into the house, and Charles followed, still shooting. Inside the house, Donita heard Charles say to Tina, "your sister is all in our business and she talk too much." Charles shot Donita and Crudup each three times.

Resp. Exh. E at p. 2-3 (Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b)).

2

## *Grounds Raised*

In his § 2254 petition for a writ of habeas corpus, Charles raises eight grounds for relief:

1) That the trial court erred when it failed to *sua sponte* declare a mistrial after a witness testified about Charles' uncharged prior bad acts;

2) That he was denied effective assistance of trial counsel when his attorney failed to request an instruction on the lesser-included offense of Class B felony assault in the first degree on Count Three;

3) That he was denied effective assistance of trial counsel when his attorney failed to request an instruction on the lesser-included offense of Class C felony assault in the second degree on Count Three;

4) That he was denied effective assistance of trial counsel when his attorney failed to object to the prosecutor's statements in closing argument;

5) That he was denied effective assistance of trial counsel when his attorney failed to request an instruction on the lesser-included offense of Class B felony assault in the first degree on Count One;

6) That he was denied effective assistance of trial counsel when his attorney failed to request an instruction on the lesser-included offense of Class C felony assault in the second degree on Count One;

7) That he was denied effective assistance of appellate counsel when his attorney failed to challenge the sufficiency of the evidence on appeal; and

8) That he was denied effective assistance of trial counsel when his attorney failed to call at trial the physician who examined the victims after the assault.

*Discussion*

As discussed below, all grounds other than ground two are procedurally barred from federal habeas review. I will first discuss the merits of the claim that is properly before me.

**Ground Two – Failure to Request Jury Instruction**

In ground two Charles asserts that he was denied effective assistance of counsel when his attorney failed to request a jury instruction on the lesser-included offense of Class B assault in the first degree on Count Three (the shooting of Cierra Crudup). Class A assault in the first degree required proof that in the course of the assault the defendant "inflict[ed] serious physical injury," while Class B first degree assault did not. Mo. Rev. Stat. § 565.050. Charles raised this claim in his Rule 29.15 post-conviction motion; it was denied by the post-conviction motion court and that denial was affirmed by the Court of Appeals.

Where a state court has adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The federal law must be clearly established at the time petitioner's

state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 380-83 (2000). A federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  This standard is difficult to meet.  *Id.* at 102.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To be entitled to federal habeas relief on his claim of ineffective assistance of counsel, Charles must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense.  *Id.*  In order to prevail on this claim, Charles must satisfy both components of the *Strickland* test.  Accordingly, if he makes an "insufficient showing" on one component, I am not required to address the other.  *Id.* at 697.

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S.

5

at 688. Charles bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In addition, a presumption exists that counsel's conduct "might be considered sound trial strategy." *Id.* at 688. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Id.* at 690-91. To establish prejudice, Charles "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Both the post-conviction motion court and the Missouri Court of Appeals applied the two-prong *Strickland* test to determine the merits of Charles' claim that counsel was ineffective for failing to request the submission of a jury instruction for the lesser-included charge of class B felony assault in the first degree as to Count Three. As set out above, the class A felony has an element of infliction of serious physical injury which is not required for the class B felony. During the post-conviction motion hearing, Charles' trial counsel testified that arguing for a lesser-included offense was inconsistent with defendant's position that he did not shoot anybody, and also that she that she thought "it would be a very hard sell to get people to think that being shot wasn't a serious physical injury." (Resp. Exh. F, at 26-27). The motion court found this claim was "totally without merit because

6

such decision was a reasonable decision." Resp. Exh. G, at p. 55. The Court of Appeals noted that an "objectively reasonable choice" not to seek a lesser-included offense instruction does not constitute ineffective assistance of counsel. Given counsel's testimony that this was a strategic decision consistent with the defense that Charles was innocent, the Court of Appeals concluded that Charles had not shown that the motion court's decision was clearly erroneous.

In his traverse Charles argues that counsel must have not understood that she could have advanced inconsistent theories. (ECF 22 at pp. 6-12). But counsel's testimony was not that she could not have sought the instruction; instead she testified that doing so was not a good idea. In other words, this was a strategic decision which, under *Strickland* is "virtually unchallengeable." 466 U.S. at 690. The decision by the Missouri courts was not contrary to or an unreasonable application of clearly-established law. Therefore, this court will defer to the state court's decision on ground two and will deny this claim.

**Grounds One and Three through Eight are Procedurally Barred**

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in state court, and no

7

adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

When Charles earlier filed a motion in this case seeking a stay so he could seek relief from the state courts, he admitted that he had failed to exhaust claims three through eight. (ECF 13). I concluded that Charles had no plausible argument that he had any remaining state-court remedies available and so denied the motion to stay. (ECF 21, June 29, 2018 Memorandum and Order). Although he argued that ground one had been properly presented, I disagree.

### *Ground One:  Admission of Evidence of Uncharged Conduct*

In his first ground for relief, Charles argues that the trial court erred in failing to declare a mistrial after the state introduced evidence of uncharged conduct, specifically that Charles had assaulted Tina Cowen, victim Donita Cowen's sister, before the shooting. Charles did not raise this objection at trial, but he did raise it in his direct appeal. The Missouri Court of Appeals reviewed the claim for plain error and rejected it. Resp. Exh. E at 3. The Court of Appeals explained that the evidence of Charles' assault of Tina the week before the

8

shooting was relevant to explain Donita's actions when she approached Charles and spoke to him before he shot her.

Charles argues that the Missouri Court of Appeals' plain error review is sufficient to show that he properly exhausted this claim, but that is not the law in the Eighth Circuit. In *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015),the Court made clear that a state court's discretionary plain-error review does not rescue a claim that was otherwise procedurally defaulted. Charles has not attempted to show cause and prejudice for his failure to raise this claim before the state courts.

Even if this claim were not procedurally barred, however, it would fail on the merits. "Questions of admissibility of evidence in state trials are matters of state law and ordinarily are not grounds for federal habeas relief." *Glaze v. Redman*, 986 F.2d 1192, 1195 (8th Cir. 1993). Consequently, "where a petitioner's federal habeas corpus claim is based upon a theory which can be determined as a matter of state law, the federal court is bound by a state court's interpretation of state law." *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). To the extent that Charles attempts to argue that the admission of this evidence somehow constituted a due process violation, he would have to show that it rendered the entire trial fundamentally unfair. *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999). He cannot show this. The Court of Appeals' conclusion that the evidence was relevant both to establish the sequence of events leading to the

9

shooting and to establish motive is undoubtedly correct. There was no due process violation here, and the result would not have been different even if the issue had been properly raised before the trial court.

### *Grounds Three through Eight (Ineffective Assistance of Counsel)*

As noted above, in his motion to stay Charles admitted that he had not exhausted grounds three through eight. (ECF 13, p. 1-2). Each ground alleges ineffective assistance of counsel. Grounds three, five and six are arguments about counsel's failure to request lesser-included offense instructions and are analogous to ground two discussed above. Ground four argues that trial counsel was ineffective for failing to object to the prosecutor's closing argument and ground eight alleges ineffectiveness in counsel's failure to call as a witness the physician who examined the victims. Ground seven argues ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence. Charles raised grounds three and four on his post-conviction motion, but not before the Court of Appeals, and the other grounds he never presented to the state courts.

As Charles did not fairly present these claims to the state courts, this Court cannot consider them unless Charles demonstrates cause and actual prejudice, or that he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622 (1998). He has not done so here.

Charles invokes *Martinez v. Ryan*, 566 U.S. 1 (2012) in an attempt to show cause for his defaults. *Martinez* allows a state prisoner to show cause for failing to

raise an otherwise procedurally defaulted claim of ineffective assistance of trial counsel if he shows that his first opportunity to raise the claim is during a collateral post-conviction relief proceeding and he was denied effective assistance of counsel during that post-conviction proceeding. *Id.* But *Martinez* does not apply to unpreserved claims of ineffective assistance of *direct appeal* counsel (the claim in ground seven), nor does it provide that ineffective assistance of post-conviction *appellate* counsel can be cause to excuse a default (his argument for failure to appeal grounds three and four). *Davilla v. Davis*, 137 S. Ct. 2058 (2017); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012); *Franklin v. Hawley,* 879 F.3d 307, 312-13 (8th Cir. 2018). The narrow opportunity for review outlined in *Martinez* also does not provide an opportunity for Charles to overcome the procedural bar on his fifth, sixth, and eighth grounds for relief because he has not shown that post-conviction motion counsel was ineffective for failing to raise these claims.

    Grounds three, five and six are analogous to ground two and would fail on the merits for the same reason ground two failed: trial counsel was not ineffective for failing to seek lesser-included offense instructions, because that was an objectively reasonable strategic decision. These grounds remain procedurally barred because post-conviction counsel cannot be found ineffective for failing to raise meritless claims.

11

Ground four argues that trial counsel should have objected to the prosecutor's closing argument because it allegedly shifted the burden of proof to the defense (ECF #6).  This was raised in the post-conviction motion and was rejected because the alleged improper statements made by the prosecutor were made in rebuttal after trial counsel had focused on the inconsistencies in the witnesses' statements during her closing argument.  (Resp. Ex. f at 34).  It is procedurally barred because it was not raised on appeal, but even if it were properly before me, Charles has not shown that reasonable counsel would have objected or that an objection at trial would have been sustained.

In his seventh ground for relief, Charles contends that his direct appeal counsel should have challenged the sufficiency of the evidence.  (ECF 1 at 17).  As stated above, *Martinez* does not allow the court to consider this defaulted claim.  But in any event, even if it were not procedurally barred, the claim is without merit.  Charles alleges that the evidence was insufficient because the victims did not suffer serious physical injury from the assaults, but in light of the evidence presented at trial, showing that each victim sustained multiple gunshot injuries and underwent surgery, Charles has not satisfied either prong of the *Strickland* test. Appellate counsel's decision not to raise this claim is reasonable because counsel is not required to raise every nonfrivolous claim and may select what claim to raise so as to maximize the likelihood of success on appeal.  *Jones v. Barnes*, 463 U.S. 745 (1983); *Charboneau v. United States,* 702 F.3d 1132, 1136-37 (8th Cir. 2013).

Moreover, given the evidence that was presented at trial, Charles cannot show that this claim would have prevailed on appeal.

On his eighth ground for relief, Charles contends that his trial counsel should have called the victims' examining physician at trial to testify about his findings as to the severity of the victims' injuries. Again, in light of the evidence presented at trial showing that Charles shot each of the victims multiple times, trial counsel's decision not to call the victims' examining physician was reasonable. Post-conviction counsel was not ineffective for failing to raise this claim and so it remains procedurally barred.

### *Conclusion and Certificate of Appealability*

The only claim Charles has raised that is not procedurally barred is ground two, and it fails on the merits. All other claims are procedurally barred. Charles is not entitled to a writ of habeas corpus.

A district court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve additional proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997). No reasonable jurist could differ on any of Charles' claims. Therefore, I will not issue a certificate of appealability on any of the claims.

*Conclusion*

**IT IS HEREBY ORDERED** that Dontae Charles' petition for a writ of habeas corpus [6] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right.

                                               _____
                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2020.